### John Kasicki, Appellee, v. Vulcan Detinning Company, Appellant.

### Gen. No. 5,706.

Master and servant—*when servant assumes risk.* Plaintiff, a man forty years of age and in the ordinary use of his faculties, assumed the risk of injury from tin falling through cracks in a platform under which he worked, where the cracks had been present for years and plaintiff who had worked there for some time knew of the danger, though he had complained and was told that repairs would be made when work was not being carried on, or that he would not be hurt.

Appeal from the Circuit Court of LaSalle county; the Hon. Samuel C. Stough, Judge, presiding. Heard in this court at the October term, 1912. Reversed with finding of facts. Opinion filed March 12, 1913. Rehearing denied April 3, 1913.

William H. Boys, H. L. Richolson and Frank M. Cox, for appellant.

Lucey & Larkin, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Appellee sued appellant for damages under an alleged claim of injury while in appellant's employ. A trial was had by jury which resulted in a judgment against appellant for $3,500 from which judgment this appeal is prayed. Appellee was employed by appellant in its detinning factory at Streator. Inside of a building a railroad track ran north and south on a trestle. On each side of this railroad track was a platform about three feet wide, and from the platform on each side a chute went down at an angle and dropped the scrap tin as it was shoveled from the cars on either side to the ground beneath. This chute extended outward from the trestle. Employes working under this chute pulled the scrap tin out with a hook, and then with a four tined fork pitched it into baskets, and after it was pitched into the baskets other men than those who did the pitching packed the material down in a basket with some kind of a hammer or weight and then the baskets were placed on the car which ran on a track underneath the center of the upper track or trestle. On the last mentioned car the baskets were carried to another part of the factory where the business was conducted of detaching the tin from the metal. The man who did the pitching of the scrap tin underneath the chute did his work underneath the trestle platform. In this trestle platform over the place where appellee worked as a pitcher were cracks, some an inch wide and some half an inch wide, and some less, and dust and small pieces of tin would fall through and onto the men working below at times. The men below the trestle platform worked with gloves to protect their hands from the tin which they handled and pitched, and some had wrappings around their arms also. It is apparent these men knew that if their flesh came in contact with these pieces of scrap tin, they were liable to be cut. The places where the pitching and loading of the baskets was done were called "stalls," and appellee had

worked in the building several years and had even worked in the stalls and worked sometimes in the particular stall where he claimed he had been hurt. He claimed a piece of tin came through one of these cracks in the trestle platform and hit him in the eye, the ultimate result of which was he lost the sight of one eye, and he sued for damages.

There were three original counts and one additional count in the declaration. It was charged to be negligence to have these cracks through which the scrap tin could come, and that appellee did not have any appreciative knowledge of the danger to his person. Some of the counts charged a complaint made by appellee and a promise by appellant to repair and in others a complaint made by appellee and an assurance of safety made by appellant. Complaint is made upon rulings, upon instructions and upon the evidence. We find no error in these rulings. Appellant offered a very large number of instructions of very great length. It was an unreasonable burden to impose upon the court to ask so many instructions in so simple a case. We think everything to which appellant was entitled was included in the instructions given for it, but if somewhere in the maze of the lengthy refused instructions some legal proposition is contained to which appellant was entitled, yet the court is not subject to criticism in failing to find it. We are however, of the opinion that the evidence does not make a case under the declaration. It is doubtful whether appellee was struck in his eye by a piece of tin coming through one of the cracks in the trestle platform. No one knows how he was hurt but himself. He testified the tin that struck him in the eye came from the chute above, but he also testified he wore a cap with a peak in front, and that he was not looking up at the time he was hurt. He was at work pitching or forking a mass of scrap tin that stood in front of him, more than breast high, and pitching it into baskets. It is just as reasonable to believe some piece of tin flew up from the tin in front

of him while he was pitching it into the basket, as to believe that it was a piece of tin that came through one of the cracks in the trestle platform.

We hold that whether the piece of tin came from above or from the pile of tin he was pitching into the basket, it was an injury such as reasonably could have happened, and was a risk of his employment which he assumed.

By the testimony it appears that the men were hit on the hands by tin they were handling because they wore gloves to protect them, and some of the more careful ones also wore some kind of wrappings about the sleeves of their coats. It is not a reasonable conclusion from the evidence that he was hit by scrap tin coming from above when he testifies that he was at work pitching tin into baskets, and that he was not looking up when he was injured, and that he had a cap with a peak on it. Another peculiar thing about the evidence is that it appears therefrom that the one who was assisting him at the basket did not know appellee was hurt until the following evening, and no one else knew it who was a witness in the case.

Assuming for the purposes of this decision that the piece of tin which injured appellee came from above through one of those cracks, those cracks had been there for years according to the evidence. Appellee knew they were there and complained about them several times, beginning his complaints about a year before he as injured. He testified that he complained because he was afraid he would get hurt by falling tin. He therefore knew the danger. Even if he had not testified that he knew pieces of tin and dust were coming down through these cracks for years and liable to come at any time, the obvious danger from falling pieces of tin is so simple a matter that it would be known to anyone. Appellee was forty years of age, in the ordinary use of his faculties, and he, like anyone else, must have known that if he turned his face up when tin was coming down, and was struck anywhere

on the face or eyes, he would be hurt by these sharp pieces of tin.

If this danger was such that any person of ordinary intelligence would know that it would naturally follow from the defect complained of in the declaration, knowledge of the defect carried with it knowledge of the danger, and the risk of injury was assumed. Montgomery Coal Co. v. Barringer, 218 Ill. 327.

Inasmuch as the condition was known to him, as well as the master, the danger must have been known to him just as much as it was known to the master, and it was a simple matter, having no reference to any complicated machinery, we regard it as clear that he assumed the risk of working there, and this assumption of risk on his part cannot be avoided by the fact that he frequently complained to someone in authority of the falling of the tin, and said he feared it would hurt him, and was told it would be repaired at some time when they were not at work, or told that it would not hurt him.

Arriving as we do, at the conclusion that the evidence will not sustain the judgment, it becomes unnecessary for us to discuss further the rulings upon evidence and upon instructions. The judgment of the court below is reversed.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment: We find that appellee assumed the risk of working under the conditions which caused the injury to him, and that such assumption of risk was not obviated by any complaint or promise to repair, or assurance of safety, and that the conditions were simple, and that the danger would be known to any man of ordinary experience.